# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL MARSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| (1) DEPUTY DAVID LONG, in his individual and official capacity, | ) Case No. 15-CV-708-JHP-PJC |
| (2) VIC REGALADO, SHERIFF OF TULSA, in his official capacity | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendant Sheriff Vic Regalado's[1] partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 5).[2]  For the reasons explained below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

According to the Complaint, on September 8, 2010, Plaintiff Randall Marsh was stopped in his vehicle on the side of Highway I-44 in Tulsa, Oklahoma.  (Doc. No. 2, ¶ 10).  Defendant Deputy David Long with the Tulsa County Sheriff's Department approached Plaintiff's stopped vehicle pursuant to a burglary investigation and contacted Plaintiff.  (*Id.* ¶ 11).  When Plaintiff broke off contact and began to drive away, Deputy Long drew his firearm and shot into Plaintiff's vehicle, striking him in the shoulder.  (*Id.* ¶ 12).  Plaintiff alleges this use of deadly force was unjustified and violated his rights.

---

[1] In accordance with Federal Rule of Civil Procedure 25(d), current Tulsa County Sheriff Vic Regalado has been substituted as the proper party to this action.

[2] Although Defendant Sheriff Vic Regalado styles his motion as a "Motion to Dismiss" rather than a partial motion to dismiss, the motion addresses only one of the two claims asserted against Sheriff Regalado.

Plaintiff further alleges Deputy Long falsely reported that Plaintiff attempted to strike him with his vehicle. (*Id.* ¶ 14). As a result of Deputy Long's report, Plaintiff was arrested and charged with assault and battery with a dangerous weapon, although the charge was later dismissed. (*Id.*). Plaintiff alleges there was an independent eye-witness to the shooting incident who contradicted Deputy Long's description of events. (*Id.* ¶ 15). Specifically, the eye-witness reported that Deputy Long was clearly in a safe position away from Plaintiff's vehicle when he shot at it. (*Id.*). Defendant Sheriff Vic Regalado held an inquiry into the use of deadly force by Deputy Long, but he ignored the eye-witness's version of events and found the use of force to be justified. (*Id.*).

Plaintiff asserts two causes of action against Sheriff Regalado in his official capacity: (1) violation of his federal civil rights pursuant to 42 U.S.C. § 1983 (First Cause of Action), and (2) *respondeat superior* liability under Article 2 § 30 of the Oklahoma Constitution (Second Cause of Action). Sheriff Regalado now moves to dismiss the § 1983 claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5).

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has stated that "plausibility" in this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550

U.S. at 569). This "facial plausibility" standard explicitly replaced the historic "no set of facts" standard. *Twombly,* 550 U.S. at 563. The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

Sheriff Regalado argues the § 1983 claim should be dismissed, because Plaintiff's Complaint makes only vague, conclusory, and boilerplate allegations against him and fails to specify which federal constitutional violation he asserts Sheriff Regalado violated. (*See* Doc. No. 2, ¶¶ 17-19). Specifically, Sheriff Regalado argues the "official capacity" claim under § 1983 fails, because Plaintiff fails to identify any official policy or custom that caused Plaintiff's constitutional deprivation. *See Bd. Of Cnty. Com'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff argues the allegations in the Complaint are sufficient to allege the Sheriff's office developed a municipal policy or custom that was the moving force behind the alleged Fourth Amendment violations.

To state an "official capacity" claim under 42 U.S.C. § 1983, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. County Bd. of County Com'rs,* 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978)). "'[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a *direct causal link* between the municipal action and the deprivation of federal rights.'" *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th

3

Cir. 2010) (quoting *Brown*, 520 U.S. at 404). A policy must be a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by a municipality's officers." *Lankford v. City of Hobart,* 73 F.3d 283, 286 (10th Cir. 1996) (quoting *Starrett v. Wadley,* 876 F.2d 808, 818 (10th Cir.1989)) (quotation and alteration marks omitted). A custom must be a practice that is "persistent and widespread." *Id.* (quoting *Starrett*, 876 F.2d at 818). Generally, "allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir.1992). A plaintiff who has alleged a failure to act must demonstrate the municipality's inaction resulted from "deliberate indifference" to the rights of the plaintiff. *City of Canton v. Harris,* 489 U.S. 378, 389 (1989). "Deliberate indifference" is a stringent standard which demands proof that a municipal actor "disregarded a known or obvious consequence of his actions," and "[a] showing of simple or even heightened negligence will not suffice." *Bryan Cnty.*, 520 U.S. at 407 410.

Here, the Court concludes the Complaint fails to allege sufficient facts upon which a fact finder could plausibly determine that Sheriff Regalado promulgated an official policy or custom that violated the Constitution. Although, as Plaintiff points out, the Complaint does specifically allege violation of Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure and unjustified use of deadly force (Doc. No. 2, ¶ 3), Plaintiff fails to tie this allegation to any official policy or custom promulgated by Sheriff Regalado. Instead, Plaintiff falls back on unsupported boilerplate allegations, which are plainly inadequate under the *Twombly/Iqbal* pleading standard. (*See* Doc. No. 2, ¶ 18.v-ix). (alleging that the Tulsa County Sheriff's Office established a policy, practice, and custom of "omit[ting] and/or fail[ing] to provide training and supervision regarding the lawful use of deadly force and probable cause to arrest," and of "failing to discipline officers who violate the Constitutional rights of the very citizens they are sworn to

4

protect."). In his Response brief, Plaintiff argues the Complaint "has sufficiently alleged that Sheriff [Regalado] was responsible for several such policies or customs which were the moving force behind the Fourth Amendment violations," (Doc. No. 17, at 10), but the Complaint does not provide any facts describing these alleged policies or customs, which renders the Complaint facially inadequate.

Plaintiff's most specific allegation against Sheriff Regalado is that he failed to discipline Deputy Long for his actions in shooting Plaintiff, despite eye-witness evidence indicating the use of deadly force was unjustified. (Doc. No. 2, ¶ 15). However, Plaintiff does not allege any facts suggesting that this incident represented a persistent or widespread practice or an official policy. Even taken as true, Plaintiff's allegation of a single incident of failure to discipline does not amount to an official custom or policy. *See Fraire,* 957 F.2d at 1278. Nor does the Complaint's general description of Sheriff Regalado's failure to discipline Deputy Long raise a plausible inference that Sheriff Regalado deliberately deprived Plaintiff of his constitutional rights. *See Robbins*, 519 F.3d at 1247 ("allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."). Without more, Plaintiff has not plausibly alleged Sheriff Regalado's actions or omissions "may fairly be said to represent official policy." *Monell*, 436 U.S. at 694. Accordingly, dismissal of the § 1983 claim against Sheriff Regalado is proper.

## CONCLUSION

For the foregoing reasons, Defendant Sheriff Vic Regalado's partial Motion to Dismiss (Doc. No. 5) is hereby **GRANTED**. Plaintiff's First Cause of Action is dismissed without prejudice as to Defendant Sheriff Regalado. Plaintiff's Second Cause of Action against Defendant Sheriff Regalado remains for resolution.

James H. Payne
United States District Judge
Northern District of Oklahoma